

Eric Schlabs
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial: 646-777-0044
eschlabs@beneschlaw.com

January 27, 2025

**BY ECF**
Honorable Philip M. Halpern
United States District Court Judge
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

> Re:    ***Jonathan Pasternak et al., v. HiSmile, Inc. et al***
> ***Docket No. 7:24-cv-04445***

Dear Judge Halpern:

We represent Defendants Hismile, Inc. and HiSmile Pty Ltd. (collectively, "Defendants") in the above referenced matter and write in response to the letter filed by Plaintiff Jonathan Pasternak on January 24, 2025 (Dkt. 40) and the invitation for a response contained therein.

Defendants do not object to Plaintiff's request for an Initial Conference to discuss bifurcation of fact discovery. Insofar as Plaintiff suggests that this conference justifies delaying Plaintiff's deposition, counsel is mistaken.

Plaintiff has failed to fulfill his obligation to work in good faith towards deposition scheduling. Defendants first raised their intention to depose Plaintiff during a phone call on December 13, 2024, in which they relayed their decision not to move to dismiss. (Dkt. 30.) Plaintiff's counsel refused to provide deposition dates, citing the upcoming holidays. After the holidays passed, Defendants again requested deposition dates in January. (Ex. 1 (1/6/25 Brooks email).) Plaintiff responded, "we will not agree to scheduling his deposition prior to receiving paper discovery in the ordinary course." (*Id.* (1/6/25 Friesen 3:49 pm email).) Defendants' counsel responded that the Federal Rules of Civil Procedure do not support that recalcitrance, but instead state plainly that "methods of discovery may be used in any sequence." (*Id.* (Meuti 1/6/2025 email) (quoting Fed. R. Civ. P. 26(d)(3)(A).) Plaintiff's counsel reiterated their position that they would refuse to produce the plaintiff until receiving document discovery, but told Defendants that they were "free to … notice the deposition," even though Plaintiffs refused to "provid[e] January dates." (*Id.* (1/6/2025 5:34pm Friesen email).) On January 9, Defendants accordingly noticed Plaintiff's deposition for January 27. (Ex. 2.)

Four days later, Plaintiff responded by letter, reiterating that they "will not produce Mr. Pasternak on January 27th." (Ex. 3 (1/13/25 Friesen Ltr.).) That letter offered no basis recognized by the Rules to support counsel's stonewalling. The letter noted that Rule 26(d) allows discovery once the parties' Rule 26(f) conference has occurred. Yet, the letter acknowledged that the parties held their Rule 26(f) conference on January 6. (*Id.*) The letter offered other unfounded objections, including arguing without any support that 18 days is not "reasonable notice" under Rule 30(b)(1).

Hon. Philip M. Halpern
January 27, 2025
Page 2

(*Id.*)  Defendants responded the next day, explaining (a) how Defendants' notice comports with the Local Rules and the Federal Rules, and (b) that Plaintiff's counsel's refusal to produce their client does not.  Regardless, in the spirit of cooperation, Defendants offered to consider alternative dates in the first half of February—but noted that "[u]nless and until we agree on an alternative date, however, our already-served notice remains effective."  (Ex. 4 (1/14/2025 Meuti Ltr.).)

Plaintiff waited a week to respond.  Plaintiff's counsel's January 21 letter asserted for the first time—a full 12 days after receiving Defendants' deposition notice—that he was unavailable on January 27.  (Ex. 5 (1/21/2025 Friesen Ltr.).)  Plaintiff neglected to provide a firm alternate date.  Instead, the letter stated that counsel was "hopeful that [the] deposition can proceed on February 19," but made that offer contingent on "confirmation from [Plaintiff's] employer that he is able to take the day off." (*Id.*)  The letter did not indicate when Plaintiff began seeking time off for his deposition, or why taking a day off within five weeks of receiving a notice of deposition was challenging.

Defendants continued to request a firm deposition date in February, but Plaintiff refused to provide one, insisting that he planned to no-show his scheduled deposition without filing a motion for a protective order, motion to quash, or any other request for relief.  Plaintiff's recalcitrance thus left Defendants with two possibilities: "flying to Buffalo to show up in an empty room" or unilaterally acceding to Plaintiff's delay tactics and incurring a cancellation fee. (Ex. 6 (1/24/2025 Friesen email.)

Defendants chose the latter option to minimize unnecessary expense and in hopes that the Parties could reach an amicable resolution.  However, Plaintiff *still* has yet to confirm a deposition date, changing his tentative offer from February 19 to February 18 and insisting that the deposition proceed on that date, if Plaintiff can secure a day off, despite knowing that Defendants are unavailable that day. (*Id.*)

Simply put, there is no excuse for Plaintiff's delay tactics.  The Rules allow discovery to proceed in any sequence once the Rule 26(f) conference occurs, *see* Fed. R. Civ. P. 26(d), and Plaintiff acknowledges that it has (Ex. 3 (1/13/2025 Friesen Ltr.)).  And Plaintiff's counsel's professed need for discovery from Defendants smacks of gamesmanship, not of genuine need.  Plaintiff does not need any information from Defendants—not an answer, not initial disclosures, not document discovery—to testify truthfully about the basis for his claims.

Further, the exchanges outlined above reflect that counsel's protestations about Plaintiff's needing to secure a PTO day are a smokescreen, not an excuse.  Over six weeks have passed since Defendants requested his deposition, and over three have passed since Defendants formally noticed the deposition at Plaintiff's counsel's invitation.  Plaintiff has had ample time to request a single day off work.  That he has not done so speaks only to his dedication to pursuing his claims or to counsel's dedication to complying with Local Rule 26.4(a)'s admonition that counsel are to "cooperate with each other … in all phases of the discovery process … including in matters relating to scheduling and timing of various discovery procedures."

Defendants have no objection to the Court scheduling an Initial Conference to resolve the Parties' disagreements in the Civil Case Discovery Plan.  That said, its pendency should not delay

Hon. Philip M. Halpern
January 27, 2025
Page 2


Plaintiff's deposition.  Defendants will continue to seek a firm deposition date from Plaintiff among the four dates that Defendants have offered in February.  If Plaintiff fails to provide one by Wednesday, then Defendants will seek the Court's assistance in convincing Plaintiff to comply with his discovery obligations.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Benesch, Friedlander, Coplan & Aronoff LLP

*/s/ Eric Schlabs*

Eric Schlabs

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Catherine Friesen |
| **To:** | Meuti, Michael; Brooks, Meegan |
| **Cc:** | Jeff Carton; Linda Dolce; Schlabs, Eric; Selna, Steven |
| **Subject:** | RE: Pasternak v. Hismile |
| **Date:** | Monday, January 6, 2025 5:34:49 PM |
| **Attachments:** | image001.png |
| | Proposed CMP Final.pdf |

Hi Michael and Meegan –

Please confirm that the proposed CMP I circulated with redline is okay to file (static pdf is attached). Our submission to the Court is due today.

While I don't think its productive at this point to conflate the issues presented by filing our proposed CMP and the deposition of plaintiff, I note that we have been consistent in our position that you must first answer the complaint (which is not due at your request until Jan. 24th), and provide necessary document discovery, before we schedule the deposition of the plaintiff.  You are free to take the matter up with the court, or notice the deposition, but we will not be providing January dates.


Regards,
Catherine



**Catherine Friesen, Esq.**
Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
cfriesen@denleacarton.com


---

**From:** Meuti, Michael <MMeuti@beneschlaw.com>
**Sent:** Monday, January 6, 2025 5:11 PM
**To:** Catherine Friesen <cfriesen@denleacarton.com>; Brooks, Meegan <MBrooks@beneschlaw.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** RE: Pasternak v. Hismile

Catherine,

We'd prefer to work cooperatively to schedule a deposition on a date convenient for both you and your client.  We've asked multiple times for a deposition date, but you have refused to provide one.  If you continue to refuse to provide us with some dates that will work for you and your client this month, that will leave us no choice but to notice the deposition on a reasonable date.

We understand that you would like to postpone your client's deposition until after you receive documents from Defendants, but the Rules do not recognize that preference as a reason justifying your refusal to provide us with dates.  *See* Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence").

If we do not receive by COB Thursday, January 9, convenient January dates for a deposition, we will proceed to notice the plaintiff's deposition.

Stay well,

MDM



Michael D. Meuti
Partner, Appellate Practice Group Chair | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6246 | m: 650.468.3160
MMeuti@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Catherine Friesen <cfriesen@denleacarton.com>
**Sent:** Monday, January 6, 2025 3:49 PM
**To:** Brooks, Meegan <MBrooks@beneschlaw.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** RE: Pasternak v. Hismile

Hi Meegan – Attached is our redline with minor revisions – If it looks okay, I will circulate a final pdf before filing.

As to producing the plaintiff, as Jeff foreshadowed, we will not agree to scheduling his deposition prior to receiving paper discovery in the ordinary course. In any event, the Court will first have to resolve the dispute over bifurcating fact discovery between class certification and merits.

Regards,
Catherine



**Catherine Friesen, Esq.**
Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
cfriesen@denleacarton.com

**From:** Brooks, Meegan <MBrooks@beneschlaw.com>
**Sent:** Monday, January 6, 2025 2:10 PM

**To:** Catherine Friesen <cfriesen@denleacarton.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** RE: Pasternak v. Hismile

Hi Catherine,

See attached for our redlines, with the caveat that we'll still need to discuss a number of items in here with our client.

Separately, circling back on the deposition front. Would you please let us know your client's availability for this month?

Thanks,
Meegan



vCard

Meegan B. Brooks, CIPP/US
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2232 | MBrooks@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Catherine Friesen <cfriesen@denleacarton.com>
**Sent:** Monday, January 6, 2025 7:31 AM
**To:** Brooks, Meegan <MBrooks@beneschlaw.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** RE: Pasternak v. Hismile

Good morning Meegan. Attached is our draft of the proposed civil case discovery plan and scheduling order. Here is a call in # for 2 pm:

(267) 807-9495
ID: 327-095-609

Thanks,
Catherine

**Catherine Friesen, Esq.**



Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
cfriesen@denleacarton.com

---

**From:** Brooks, Meegan <MBrooks@beneschlaw.com>
**Sent:** Friday, January 3, 2025 7:43 PM
**To:** Catherine Friesen <cfriesen@denleacarton.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** RE: Pasternak v. Hismile

That's fine, thanks.



vCard

Meegan B. Brooks, CIPP/US
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2232 | MBrooks@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Catherine Friesen <cfriesen@denleacarton.com>
**Sent:** Friday, January 3, 2025 4:42 PM
**To:** Brooks, Meegan <MBrooks@beneschlaw.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** Re: Pasternak v. Hismile

Sure. How is 2 pm EST? I will circulate a proposal on Monday morning.

Get Outlook for iOS

---

**From:** Brooks, Meegan <MBrooks@beneschlaw.com>
**Sent:** Friday, January 3, 2025 1:57:09 PM
**To:** Catherine Friesen <cfriesen@denleacarton.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>
**Subject:** RE: Pasternak v. Hismile

Hi Catherine,

I have a lot of flexibility on Monday, but can you circulate a draft for us to review before our call?

Thanks,
Meegan



vCard

Meegan B. Brooks, CIPP/US
(she/her/hers)
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2232 | MBrooks@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Catherine Friesen <cfriesen@denleacarton.com>
**Sent:** Friday, January 3, 2025 6:46 AM
**To:** Brooks, Meegan <MBrooks@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>
**Cc:** Jeff Carton <jcarton@denleacarton.com>; Linda Dolce <ldolce@denleacarton.com>
**Subject:** Pasternak v. Hismile

Counsel: We are reaching out to check your availability for a meet and confer on Monday to discuss discovery. Judge Halpern directed the parties to file a proposed Civil Case Discovery Plan and Scheduling Order by 1/6. Please propose some time slots that would work for you.

Regards,
Catherine



**Catherine Friesen, Esq.**
Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
cfriesen@denleacarton.com

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

JONATHAN PASTERNAK, on behalf of
himself and all others similarly situated,

     Plaintiff,

v.

HISMILE PTY LTD. and HISMILE, INC.,

     Defendant.

Case No. 7:24-cv-04445-PMH

**NOTICE OF DEPOSITION
OF PLAINTIFF JONATHAN
PASTERNAK**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(1), Defendants Hismile Pty Ltd. and Hismile, Inc., by and through their undersigned counsel, will take the deposition upon oral examination of Jonathan Pasternak at 9:00 a.m. EST on January 27, 2025 and continuing thereafter until complete, before a Notary Public or other person authorized by law to administer oaths. The deposition will take place at Jack W. Hunt & Associates, 424 Main St., Ste. 1120, Buffalo, NY 14202. The deposition will be recorded by stenographic means and videotaped.

Dated:  January 9, 2025                           Respectfully submitted,


                                                  _s/ Meegan B. Brooks_
                                                  ERIC SCHLABS
                                                  MEEGAN B. BROOKS (CA 298570) Admitted
                                                  Pro Hac Vice
                                                  STEVEN M. SELNA (CA 133409) Admitted Pro
                                                  Hac Vice
                                                  MICHAEL D. MEUTI (CA 227939) Pro Hac Vice
                                                  forthcoming
                                                  Benesch, Friedlander, Coplan & Aronoff LLP

                                                  Attorneys for Defendants
                                                  HISMILE PTY LTD. and HISMILE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, the foregoing was served via email to Plaintiff's counsel.

/s/ Meegan Brooks

Attorney for Defendants

**EXHIBIT 3**



DENLEA &
CARTON LLP

2 Westchester Park Drive, Suite 410
White Plains, NY 10604
Tel: 914-331-0100
Fax: 914-331-0105
www.denleacarton.com

January 13, 2025

**BY EMAIL**

Meegan Brooks
Benesch, Friedlander, Coplan & Aronoff LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036

Re:    *Pasternak v. Hismile,* Case No. 7:24-04445 (PMH)

Dear Ms. Brooks:

We are in receipt of your deposition notice for Jon Pasternak.  Your undue haste in seeking his deposition stands in contrast to the glacial pace with which you have approached this litigation.  Plaintiff has accommodated Defendants every request for extensions of time (including, most recently, your request for **six additional weeks** to file an Answer after notifying the Court on December 13th that you did not intend to file a motion to dismiss).  While Mr. Pasternak is fully willing to sit for a deposition at a mutually convenient time to be arranged in February, your insistence on January 27th, the **next business day** after your answer is due on January 24th,  and before Judge Halpern has resolved the parties' dispute about the Discovery Plan, smacks of gamesmanship that will not be countenanced by the Court.

As you are aware, pursuant to Fed. R. Civ. P. 26(d), **a party may not seek discovery from any source** before the parties have conferred as required by Rule 26(f).  Absent leave of court, a deposition may not be sought "before the time specified in Rule 26(d)." Fed. R. Civ. P. 30(a)(2)(A).  As the practice commentary to FRCP 30 notes, "Generally, parties cannot take depositions until after they conduct the discovery planning conference mandated by Rule 26(f). After that, depositions may be taken at any time <u>consistent with the scheduling order or other court order.</u>"  Even then, the parties must provide "reasonable written notice." Fed. R. Civ. P. 30(b)(1).

As you are further aware, the parties did not meet and confer until **January 6, 2025**, and then only because the undersigned reached out to you so that all parties could comply with the Court's Order mandating such.  During that meeting, we did not reach an agreement on a discovery plan, beyond that initial disclosures are due on January 24, 2025 (the same date as Defendants' Answers). Following our joint submission, we are still awaiting further direction from Judge Halpern.  At this time, the Court has neither scheduled a pretrial conference nor issued a scheduling order governing discovery and other matters pursuant to Fed. R. Civ. P. 16(b).

Meegan Brooks
January 13, 2025
Page 2

Notwithstanding the foregoing, you have unreasonably served Plaintiff on **January 9th** with a notice of deposition that Mr. Pasternak appear for a deposition scarcely more than two weeks later on **January 27th,** apparently to satisfy your client's demand that the deposition be taken "in January."  Such a request is premature and does not provide sufficient reasonable notice to Mr. Pasternak.

In addition, whether fact discovery will be bifurcated between Class Certification and Merits (as Defendants have requested) is an issue that must be resolved before Mr. Pasternak's deposition can proceed since it directly impacts the scope of his testimony. Plaintiff will strongly object to producing Mr. Pasternak a second time as proposed by the Defendants, and we welcome your outreach to the Court to expedite a briefing and ruling on this issue. *See Cunningham v. Big Think Capital Inc.,* 2021 U.S. Dist. LEXIS 184642 (E.D.N.Y. 2021) (noting that a request for bifurcation "effectively stays certain aspect of discovery" and "in this Circuit, bifurcation is the exception, not the rule."); *Hines v. Overstock.com, Inc.,* 2010 U.S. Dist. LEXIS 70205 (E.D.N.Y. 2010) (denying request to bifurcate by which defendant, in effect, was "seeking a stay of 'merits' discovery pending resolution of the class certification issue); *Melville v. Hop Energy, LLC,* 2023 U.S. Dist. LEXIS 106839 (S.D.N.Y. 2023) (same).

Moreover, Plaintiff is clearly entitled to know your clients' defenses in the case and to have reviewed your initial disclosures before sitting for a deposition. Your insistence otherwise and unwillingness to compromise flies in the face of the letter and the spirit of the Federal Rules and the accepted practice of "litigators in this District and throughout this Circuit to try to secure agreed-upon deposition dates via email prior to serving subpoenas or formal notices of deposition." *Davis v. City of New York*, 345 F.R.D. 275 (E.D.N.Y. 2024).  Unless you agree to waive your anticipated line of cross-examination concerning a class representative's understanding of his role in representing absent class members, or his familiarity with defenses being proffered by your client, we will not permit you to depose Mr. Pasternak by ambush, and prior to other discovery being produced.

We are and continue to be willing to discuss a date to produce Mr. Pasternak for his deposition to take place after receiving Defendants' Answers and Initial Disclosures, and after the Court resolves whether fact discovery will be bifurcated.  In that regard, we fully expect a February date to be negotiable, but reiterate that we will not produce Mr. Pasternak on January 27th.

Please be guided accordingly.

Very truly yours,

DENLEA & CARTON LLP

By:  _____
Catherine H. Friesen

**EXHIBIT 4**



Michael D. Meuti
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Direct Dial:  216.363.6246
mmeuti@beneschlaw.com

January 14, 2025


**BY EMAIL:  cfriesen@denleacarton.com**

Catherine H. Friesen
Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
Tel: 914-331-0100


Re:    Your Jan. 13, 2025 Letter and Our Notice of Deposition to Plaintiff Jon Pasternak

Dear Catherine,

We disagree with the positions laid out in your January 13, 2025 letter.  While cataloguing each point of disagreement would waste time, a few points are worth noting.

*First*, we complied with Local Rule 26.4(a).  We sought your cooperation in scheduling Mr. Pasternak's deposition.  You told us in your January 6, 2025 email that you would not cooperate and told us that we were "free to take the matter up with  the court, or notice the deposition, but [you] will not be providing January dates."  Our deposition notice followed that instruction.

*Second*, our notice complies with the Federal Rules as well.  Our notice was not premature, as it was served after "the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d)(1).  We provided over two weeks' notice, meeting Rule 30(b)(1)'s requirement of "reasonable written notice."

*Third*, neither the Rules nor common sense support your objections.  As we noted previously, Rule 26(d)(3)(a) dictates that "methods of discovery may be used in any sequence." And Rule 26(a)(1)(C) imposes no requirement that initial disclosures must precede depositions. Rules aside, there is no reason why your client cannot provide truthful testimony about his allegations and his experiences as a consumer without first receiving documents, disclosures, or a responsive pleading from Defendants.

Accordingly, we do not intend to withdraw the notice for Mr. Pasternak's January 27 deposition.  If you wish to propose alternative dates in the first half of February, we will consider them in the spirit of professionalism.  Unless and until we agree on an alternative date, however, our already-served notice remains effective.

Catherine Friesen
January 14, 2025
Page 2


      Please contact me at [mmeuti@beneschlaw.com](mailto:mmeuti@beneschlaw.com) if you would like to schedule time to discuss any of the above.


          Very truly yours,

          BENESCH, FRIEDLANDER,
           COPLAN & ARONOFF LLP


          Michael D. Meuti

MDM:

**EXHIBIT 5**

**DC** | **DENLEA & CARTON LLP**

2 Westchester Park Drive, Suite 410
White Plains, NY 10604
Tel: 914-331-0100
Fax: 914-331-0105
www.denleacarton.com

January 21, 2025

**BY EMAIL**

Michael D. Meuti
Benesch, Friedlander, Coplan & Aronoff LLP
1155 Avenue of the Americas, Floor 26
New York, NY 10036

Re:    *Pasternak v. Hismile,* Case No. 7:24-04445 (PMH)

Dear Mr. Michael:

We are in receipt of your letter dated January 14, 2025.  As  previously indicated, Mr. Pasternak will not be available for a deposition on January 27th.  At this time, nonetheless, we are hopeful that Mr. Pasternak's deposition can proceed on **February 19, 2025,** pending confirmation from his employer that he is able to take the day off.

We look forward to receiving your client's Answer and Initial Disclosures on Friday January 24th, as well as clarification from the Court regarding how fact discovery will proceed. In that regard, I suggest we submit a joint letter to the Court requesting a conference so that the matter can be resolved before Mr. Pasternak's deposition.

Please let me know your thoughts on the matter.

Very truly yours,

DENLEA & CARTON LLP

By: _____
Catherine H. Friesen

**EXHIBIT 6**

| | |
|---|---|
| **From:** | Meuti, Michael |
| **To:** | Catherine Friesen |
| **Cc:** | Brooks, Meegan; Schlabs, Eric; Selna, Steven; Chau, Priscilla; Jeff Carton; Landers, Jessica |
| **Subject:** | RE: 24-cv-04445 (PMH) |
| **Date:** | Sunday, January 26, 2025 9:44:56 AM |
| **Attachments:** | image001.png |

Catherine,

After conferring with my client, we will withdraw the notice for the January 27 deposition to prevent incurring unnecessary costs associated with traveling to a duly noticed deposition that Plaintiffs have chosen to disregard.  We do this without prejudice to our right to seek reimbursement for the cancellation fee.

Please let me know as soon as possible which of the previously discussed dates (February 10, 13, 20, and 21) Mr. Pasternak will be available.

Mr. Pasternak has had since January 6 (if not before) to seek time off work.  That should not be an obstacle. If we do not have a confirmed date by COB Wednesday, we reserve the right to notice a deposition unilaterally.

In the meanwhile, we will respond to Plaintiffs' letter to the Court, as you have invited us to.

Stay well,

MDM

Michael D. Meuti
Partner, Appellate Practice Group Chair | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6246 | m: 650.468.3160
MMeuti@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Catherine Friesen <cfriesen@denleacarton.com>
**Sent:** Friday, January 24, 2025 2:12 PM
**To:** Meuti, Michael <MMeuti@beneschlaw.com>
**Cc:** Brooks, Meegan <MBrooks@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>; Chau, Priscilla <PChau@beneschlaw.com>; Jeff Carton <jcarton@denleacarton.com>
**Subject:** RE: 24-cv-04445 (PMH)

Michael – Your position is noted (as is its absurdity).  As we have discussed repeatedly, you have known for weeks that plaintiff would not be produced for a deposition on Monday, January 27th because plaintiff needs time to review your merit-based defenses and initial disclosures (notably, we still have not received Defendants' Answer as of 2:00 pm on Friday, January 24, 2025, and just received the Initial Disclosures moments ago).  I reiterated that message earlier this week.  Your

insistence on the pointless theatrics of flying to Buffalo to show up in an empty room is not well-taken and will result in needless expense to your client.  Your threat to "seek all relief, including costs and fees" is also noted and will be answered in kind as the litigation progresses.

Putting aside your silly rhetoric and theatrics, we are still trying to find a February date that will work for everyone.  As I told you, Mr. Pasternak needs approval from his employer to get time off.  Your rejection of February 18th as an inconvenient date sets us all backwards in that regard.  I will certainly endeavor to set up the deposition for February 10, 13, 20 or 21st, but confirmation of such will take several days.   I again encourage you to find another lawyer to cover the deposition if we are able to lock in February 18th (there are certainly ample lawyers assigned to this case in your firm).

To be clear, we will <u>not</u> pay your cancellation fees for Monday, and please don't ask (or threaten) again.  If you do, we will file a motion for sanctions.

In light of your changes to the proposed joint letter to Judge Halpern, plaintiff will be submitting his own letter, and you may, of course respond.


Best,
Catherine



**Catherine Friesen, Esq.**
Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
cfriesen@denleacarton.com

---

**From:** Meuti, Michael <MMeuti@beneschlaw.com>
**Sent:** Friday, January 24, 2025 1:17 PM
**To:** Catherine Friesen <cfriesen@denleacarton.com>
**Cc:** Brooks, Meegan <MBrooks@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>; Chau, Priscilla <PChau@beneschlaw.com>; Jeff Carton <jcarton@denleacarton.com>
**Subject:** RE: 24-cv-04445 (PMH)

Catherine,

Thank you for taking the time to talk.

As we discussed, Defendants will not revoke the deposition notice for Monday, January 27 unless Plaintiffs (a) agree to cover any cancellation fees associated with Monday's deposition, and (b) provide a firm date for Mr. Pasternak's deposition.

You told me that Mr. Pasternak cannot get off work on February 19 (the date proposed in your last correspondence), but might be able to get February 18 off.  As we discussed, that date does not work for me but February 10, 13, 20, and 21 do.

If we are not able to reach agreement on both cancellation fees and a deposition date, Defendants will appear for the deposition in Buffalo on Monday.  If Plaintiffs follow through on their intention to no-show, Defendants reserve the right to seek all relief, including fees and costs.

Stay well,

MDM



Michael D. Meuti
Partner, Appellate Practice Group Chair | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6246 | m: 650.468.3160
MMeuti@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Catherine Friesen <cfriesen@denleacarton.com>
**Sent:** Friday, January 24, 2025 12:23 PM
**To:** Meuti, Michael <MMeuti@beneschlaw.com>
**Cc:** Brooks, Meegan <MBrooks@beneschlaw.com>; Schlabs, Eric <ESchlabs@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>; Meuti, Michael <MMeuti@beneschlaw.com>; Chau, Priscilla <PChau@beneschlaw.com>; Jeff Carton <jcarton@denleacarton.com>
**Subject:** 24-cv-04445 (PMH)

Hi Michael – I have attached a draft letter to Judge Halpern for joint submission.  Please provide your thoughts.  Feel free to call if it would be easier to discuss by phone – I am in the office all afternoon and my direct dial is 914-331-0107.

Thanks
Catherine



**Catherine Friesen, Esq.**
Denlea & Carton LLP
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
(914) 331-0100
cfriesen@denleacarton.com